Counseling and Advising Clients Exclusively on Laws of the Workplace



Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Saul D. Zabell, Esq.**
Email: SZabell@laborlawsny.com

February 16, 2021

***VIA* FIRST CLASS MAIL**

The Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Lubas, et al. v. JLS Group, Inc., et al.**
**Case No.: 18-CV-6611 (DG) (SJB)**

Your Honor:

This firm is counsel to Defendants JLS Group, Inc., SEG Maintenance, Inc., Steve Sekato, Charlie Cordero, Jose Ordones, and Joseph Figliola ("Defendants"). We write pursuant to Your Honor's February 1, 2021 Order concerning Defendants' request for the issuance of an Order holding the late-filed Fair Labor Standards Act ("FLSA") consent forms to be untimely, dismissing these parties from this matter, and barring Plaintiffs' counsel from filing further untimely consent forms [ECF Doc. No 104].

On October 14, 2020, Your Honor Ordered that the time in which putative collective action members could consent to "opt-in" to this matter would be sixty (60) days. This Order further set a starting date for this period of October 30, 2020. Thus, the time for individuals to consent to join as FLSA plaintiffs expired December 29, 2020. Since the expiration of this opt-in period, counsel has filed consent forms on behalf of four (4) individuals: Alzenia Reeves [ECF Doc. No. 100] (filed January 6, 2021); Damion Ramon Lewis [ECF Doc. No. 101] (filed January 8, 2021); Jorge Hinojosa [ECF Doc. No. 102] (filed January 12, 2021);[1]and Sean Nottingham [ECF Doc. No. 103] (filed January 18, 2021). *See* Exhibits "A" through "E". It is these individuals who form the basis of Defendants' request.

The FLSA itself does not specify when a person must opt-in to a collective action. Rather, the deadline is set by the Court. 29 U.S.C. §§ 216(b), 255, 256. Nor does the FLSA provide a standard under which a court should consider whether to include opt-in plaintiffs whose consent forms are filed after the court-imposed deadline has passed. Courts in this Circuit decide whether

[1] A consent form for Jorge Hinojosa was filed twice: once at ECF Doc. No. 102, and again at ECF Doc. No. 105. *See* Exhibit "C"; Exhibit "E".

to accept an untimely consent "by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Bayas v. Nor-Marathon Serv. Ctr.*, No. 16-CV-356 (FB) (CLP), 2018 U.S. Dist. LEXIS 22638, at *3 (E.D.N.Y. Feb. 12, 2018) (citing *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009) (collecting cases)). We respectfully submit that when weighed in the aggregate, these factors favor dismissing the subject opt-in parties.

**1. The Untimely Parties are Unable to Proffer "Good Cause"**

As a threshold matter, the notice sent to potential plaintiffs is clear as concerns the timeframe for responses. The notice sent to potential parties provides: **The signed Consent to join must be postmarked or emailed no later than 60 days from mailing of this notice. If your signed Consent to Join is not sent within 60 days from mailing of this notice, you may not be allowed to participate in the FLSA lawsuit.** Exhibit "F" (bold and underline in original). This notice identifies with specificity when consent forms must be received, and the outcome should putative collective members fail to meet that deadline. Thus, unlike *Ayers v. SGS Control Servs.*, 2007 U.S. Dist. LEXIS 76539, at *15 (S.D.N.Y. Oct. 9, 2007), which held late-filed consent forms to be timely because it was unclear, through the mailed notice, whether the forms needed to be received or mailed by a specific date, the notice here contains no ambiguities.

Moreover, the notice generously allows for putative collective members to either mail or email their consent forms to counsel. To that end, one of counsel's proffered reasons for the delay in filing – "USPS's nationwide problems with mail delivery" [ECF Doc. No. 106] – was thus completely avoidable through the exchange of electronic correspondence.

Further, the envelopes submitted by Plaintiffs in opposition to Defendants subject application [ECF Doc. Nos. 106-1, 106-2], contain no indication that the consent forms were within these same envelopes. Rather, both the return and receipt addresses on the envelopes bear the name and address of Plaintiffs' counsel. Put differently, there is evidence that these envelopes contained what has been represented.

We therefore respectfully submit that the failure of these individuals to comply with the Court's time limits should not be rewarded by allowing them to participate in this action.

**2. Defendants are Prejudiced by the Inclusion of the Late Opt-Ins**

The inclusion of the four (4) late individuals represents nearly eleven percent (11%) of the thirty-seven (37) current Plaintiffs in this matter. This percentage is not insubstantial. Indeed, unlike circumstances such as found in *Benavidez v. Piramides Mayas, Inc.*, 2013 U.S. Dist. LEXIS 55586, at *11 (S.D.N.Y. Apr. 15, 2013), where it was held that two (2) plaintiffs representing two-point-seven percent (2.7%) of the seventy-four (74) plaintiffs, the late opt-ins here now account for over a tenth of the overall claims asserted. The inclusion of these individuals will additionally

burden Defendants. *See Fuentes v. Deb-El Food Prods.*, 2011 U.S. Dist. LEXIS 174313, at *8 (S.D.N.Y. Aug. 8, 2011) ("Prejudice to the defendants may depend on several factors, including the length of the delay and the additional burden on the defendants") (citations omitted).

These burdens come in the form of the time and resources necessary in identifying and retrieving records concerning their respective tenures of employment, the efforts of counsel in reviewing the same, requesting and reviewing discovery obtained from these individuals, deposing each individual, and the costs associated with the eventual application to decertify of the collective. To date, discovery requests have not been served with respect to the subject individuals. We therefore respectfully submit that the additional burdens of litigating the claims of these additional individuals should not be imposed upon Defendants because of their inability to abide by the directive of the Court.

**3. The Subject Consent Forms were Filed Weeks After the Deadline**

As addressed above, the deadline for putative members of the collective to submit their consent forms to counsel expired December 29, 2020. Although the longest delay in submitting a consent form was three (3) weeks after the expiration of the deadline, we respectfully submit that the putative collective members' ability to transmit their consent forms electronically to counsel via email obviates any obstacle to their timely filing.

**4. Judicial Economy and the Remedial Purpose of FLSA are not met with each Filing**

The FLSA provides a two (2) year statute of limitations on actions to enforce its provisions and extends to three (3) years if the actions were "willful". 29 U.S.C. § 255(a); *see also Chaohui Tang v. Wing Keung Enters.*, 210 F. Supp. 3d 376, 395 (E.D.N.Y. 2016). No discovery has occurred with respect to any of the subject opt-ins. However, by virtue of the information provided on the forms in question it appears that these individuals would have no timely federal claims were they to commence independent actions under the FLSA.

For example, the end date of employment given by Alzenia Reeves, somewhat broadly, as 2018 (Exhibit "A"). Similarly, Damion Ramon Lewis gives an end date of November 2018 (Exhibit "B"). Jorge Hinojosa is silent on dates of employment (Exhibits "C", "E"). However, Sean Nottingham gives his last date of employment as December 15, 2015 (Exhibit "D"). The three (3) individuals who provided their rough dates of employment are beyond the applicable two (2) year limitations period, and Mr. Nottingham's would be untimely even under the "willfulness" standard. Accordingly, judicial economy and the remedial purposes of the FSLA are not usurped should these individuals be dismissed from participating in this action.






We thank the Court for its continued time and attention to this matter. Counsel remains available should Your Honor so require.

Respectfully submitted,

**ZABELL & COLLOTTA, P.C.**

Saul D. Zabell

cc: Client
All Counsel of Record (*via* Electronic Case Filing)