

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Saul D. Zabell, Esq.**
Email: szabell@laborlawsny.com

April 2, 2021

<u>*VIA* ELECTRONIC CASE FILING</u>

The Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: <u>Lubas, et al. v. JLS Group, Inc., et al.</u>
       <u>Case No. 18-CV-06611 (KAM) (SJB)</u>

Your Honor:

  This firm is counsel to JLS Group, Inc., SEG Maintenance, Inc., Steve Sekato, Charlie Cordero, Jose Ordones, and Joseph Figliola, Defendants in the above-referenced matter. We respectfully submit the following in connection with Plaintiffs' most recent application [ECF Doc. 114] and Your Honor's corresponding Order which was issued shortly after the application was filed [ECF Doc. 115].

  Unfortunately, based upon the sequence of events, Defendants were not permitted with an opportunity to address the substantive content of Plaintiffs' application. Had we had the opportunity to do so, we would have respectfully advised the court that Plaintiffs have, since the onset of this litigation, employed a series of dilatory tactics designed to unnecessarily frustrate the process - presumably as a means by which to enhance their legal fees.

  The facts presented fall well short of an accurate depiction of events. Plaintiffs neglected to advise the Court that since the February 2021 joint application seeking an extension of time from Your Honor, they have done nothing to advance the case. Plaintiffs cancelled numerous depositions of the Opt-in individuals all of which a condition precedent to the depositions of Defendants and have failed to engage in any meaningful way with defense counsel. Importantly, even when the Opt-in Plaintiffs were produced for examination, counsel was an obstructionist necessitating an application which was addressed by the Court on February 1, 2021.



April 2, 2021
Page 2 of 2

By way of specific example, the content of the third paragraph in Plaintiffs' application is particularly egregious. Simply put, the volume of discovery is immaterial. Nothing has changed since the onset of this litigation. Counsel has filed Opt-in notices well after established deadlines and knows, or should have known, the potential workload commensurate with commencing and maintaining such an action. In this construct, the pandemic, claimed lack of sophistication of the opt-in Plaintiffs, mailing delays, etc. are mere subterfuge. These are all accepted parts of life and have been for some time now. The demands for which Plaintiffs sought time in which to respond are straightforward and not voluminous. The requested information is typical of that found in any FLSA case is not difficult to assemble. The deadline in which for Plaintiffs to respond to the subject written discovery was previously extended to March 31, 2021. Tellingly, these demands were first served on December 24, 2020. There can exist no scenario in which 90 days (or more) are required to respond to basic written discovery.

Such logistical impediments should have been factored for by counsel. Now, counsel's apparent lack of resources, or any other excuse, forms the basis of prejudice to Defendants. This delay will further prevent the scheduling and completion of depositions.

In light of the foregoing, we respectfully request reconsideration of the Court's most recent Order or, in the alternative, request permission to provide the Court with a detailed recitation of the dilatory machinations of Plaintiffs' counsel. We respectfully submit that should the Court have the opportunity to examine the parties' exchanges, the possibility exists future requests for extensions will not be looked upon favorably.

Respectfully submitted,

ZABELL & COLLOTTA, P.C.

Saul D. Zabell

cc:   All counsel of record (*via* electronic case filing)