UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOZEF LUBAS, LEY ROBERT BOBADILLA, DANNY DIAZ, GEOVANNY MONTERO, CESAR AUGUSTO, and MENISIO MARTINEZ, *individually and on behalf of all other persons similarly situated*,

                Plaintiffs,

    *v.*

JLS GROUP, INC., GUILIANO ENVIRONMENTAL, LLC d/b/a GUILIANO BROTHERS, LLC, SEG MAINTENANCE, INC., STEVE SEKATO, CHARLIE CORDERO, JOSE ORDONES, RICHARD a/k/a RICHIE [Last Name Unknown], JOSEPH FIGLIOLA, CHRISTOPHER GUILIANO, JOHN DOES 1–10, and JANE DOES 1–10,

                Defendants.

**ORDER**
18-CV-6611-DG-SJB

**BULSARA, United States Magistrate Judge:**

On July 22, 2020, this Court conditionally certified a collective action pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and authorized Plaintiffs to send notice to "[a]ll current and former construction workers, roofers, and asbestos removal workers of JLS Group, Inc. or SEG Maintenance, Inc." who were employed "at any time between November 19, 2015 through the present." *Lubas v. JLS Grp., Inc.*, No. 18-CV-6611, 2020 WL 4210754, at *12–13 (E.D.N.Y. July 22, 2020). The Court approved the Plaintiffs' proposed notice on October 2, 2020. (Order dated Oct. 2, 2020). The 60-day opt-in period began on October 30, 2020 and concluded on December 29, 2020. (Order dated Oct. 14, 2020). There were six original plaintiffs, and 24 employees joined during the opt-in period. Plaintiffs' counsel has filed an additional five opt-in forms since December 29, 2020 for:

1. Alzenia Reeves, whose form was postmarked November 24, 2020, received on January 6, 2021, (Mot. dated Feb. 16, 2021 ("Pls.' Mot."), Dkt. No. 108, at 1), and filed the same day, (Consent to Join Form, Dkt. No. 100).

2. Damion Ramon Lewis, whose form was postmarked December 28, 2020, received on January 8, 2021, (Pls.' Mot. at 1), and filed the same day, (Consent to Join Form, Dkt. No. 101).

3. Jorge Hinojosa, whose form was postmarked January 12, 2021, (Pls.' Mot. at 1), and filed the same day, (Consent to Join Form, Dkt. No. 102).[1]

4. Sean Nottingham, whose form was postmarked January 12, 2021, (Pls.' Mot. at 1), and filed on January 18, 2021, (Consent to Join Form, Dkt. No. 103).

5. Oscar Flores, whose form was filed on February 23, 2021. (Consent to Join Form ("Flores Consent"), Dkt. No. 111).

On February 16, 2021, Defendants JLS Group, Inc., SEG Maintenance, Inc., Steve Sekato, Charlie Cordero, Jose Ordones, and Joseph Figliola ("Defendants") moved to dismiss these forms as untimely, (Mot. dated Feb. 16, 2021 ("Defs.' Mot."), Dkt. No. 107), and Plaintiffs moved for the Court to accept them, (Pls.' Mot.). For the reasons outlined below, Plaintiffs' motion is granted, Defendants' motion is denied, and the Court accepts these opt-in forms and adds these five employees as plaintiffs.

Two of the five employees' forms raise no issue: the consent forms of Alzenia Reeves and Damion Lewis were postmarked before the close of the opt-in period. The instructions disseminated to potential plaintiffs indicate that the opt-in forms "must be ***postmarked or emailed*** no later than 60 days from the mailing of this notice. If your signed Consent to Join is not ***sent*** within 60 days . . . you may not be allowed to participate in the FLSA lawsuit." (Notice of Lawsuit, attached as Ex. to Letter dated Sept. 17, 2020, Dkt. No. 66, at 3 (emphasis added)). Because "[t]he Court's Orders did

---

[1] A duplicate form was filed on January 19, 2021. (Consent to Join Form, Dkt. No. 105).

2

not speak to a filing deadline" and "only defined the deadline . . . that Plaintiffs sign and forward written consent to their attorneys," *Manning v. Gold Belt Falcon, LLC*, 817 F. Supp. 2d 451, 454 (D.N.J. 2011), Reeves and Lewis complied with Court orders and timely submitted their consent forms.[2]  *See also, e.g.*, *Benavidez v. Piramides Mayas Inc.*, No. 09-CV-5076, 2013 WL 1627947, at *3 (S.D.N.Y. Apr. 16, 2013) (deeming opt-in forms postmarked before the opt-in deadline timely).

The analysis is different with respect to Hinojosa, Nottingham, and Flores, whose forms were postmarked or otherwise sent after the close of the opt-in period.

"[T]he FLSA is a uniquely protective statute." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015).  As a result, "courts have shown considerable flexibility as long as the signed document indicates consent to join the lawsuit." *Manning*, 817 F. Supp. 2d at 454.  This flexibility extends to the Court's determination of whether to accepts late opt-in forms.  Consistent with the FLSA's remedial nature, courts consider "(1) whether good cause exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; [and] (4) judicial economy[.]" *Velasquez v. Digit. Page, Inc.*, No. 11-CV-3892, 2014 WL 6751574, at *1 (E.D.N.Y. Dec. 1, 2014) (quoting *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009)).

---

[2] Defendants contend there is no evidence that the postmarked envelopes attached as exhibits in support of Plaintiffs' motion contained these particular opt-in forms.  (Defs.' Mot. at 2).  However, by presenting this information to the Court and signing the motion, Plaintiffs' counsel has certified that, to the best of his knowledge, these envelopes contained the relevant opt-in forms.  Fed. R. Civ. P. 11(b); *cf. United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002) ("This [signature] requirement is not a mere formality.  It is a solemn pledge by an officer of the court as to the bona fides of the motion, in accordance with Rule 11.").  And there is no evidence to the contrary.

3

With respect to Hinojosa and Nottingham, their forms were postmarked two weeks after the close of the opt-in period. (Pls.' Mot. at 1). Flores's form was filed on February 23, 2021, (Flores Consent), and counsel do not indicate when it was postmarked. Applying the factors set forth above, the Court finds it appropriate to accept the opt-ins. Plaintiffs have demonstrated good cause: in particular, they point to widespread mail delays arising from the COVID-19 pandemic, which may have affected potential plaintiffs' receipt of the notice, particularly since many former employees "are scattered across the country and no longer reside in New York." (Pls.' Mot. at 1). Plaintiffs also point out that many potential plaintiffs do not have the requisite technological ability or access to email their consent forms. (*Id.*).

The Court also does not find any prejudice. Defendants assert that they will be prejudiced by the inclusion of these parties because they will be required to expend time and resources litigating these claims. (Defs.' Mot. at 3). But, by their own admission, if Hinojosa or Flores are not permitted to participate in the present lawsuit, they may instead file separate lawsuits to pursue their claims against Defendants, and Defendants would expend that same time and resources litigating their claims, and potentially in a different forum. (*See id.*). (This, too, weighs in favor of inclusion. *See, e.g.*, *Velasquez*, 2014 WL 6751574, at *2 ("In light of the fact that [the late opt-in plaintiff] could go off and commence his own lawsuit, judicial economy also favors joinder in this litigation.")). And litigating separate actions, without the benefit of the discovery already taken in this case and the efficiencies attendant to consolidated litigation, could potentially result in more time and expense.

Defendants also argue they will be prejudiced because they have not served discovery requests on these individuals. (Defs.' Mot. at 3). But the close of fact

4

discovery is currently May 27, 2021, (Order dated Feb. 25, 2021), nearly two months from now, and Defendants have ample time to conduct additional discovery. *See, e.g.*, *Bayas v. Nor-Marathon Serv. Ctr., Inc.*, No. 16-CV-356, 2017 WL 8793237, at *4 (E.D.N.Y. July 28, 2017) (permitting plaintiff to opt in to the collective three months late and finding the defendants would not be prejudiced "given that discovery is still open"), *report and recommendation adopted*, 2018 WL 836049 (Feb. 12, 2018). And should additional time to serve discovery be necessary, the Court will make necessary accommodations for Defendants.

Some courts have hypothesized that permitting a large number of plaintiffs to opt in after a significant period of time has elapsed would constitute the kind of burden that would justify dismissing the claims of those plaintiffs. *See, e.g.*, *Ruggles*, 687 F. Supp. 2d at 37–38. Here, Hinojosa, Nottingham, and Flores constitute 8.6 percent of the collective of 35 people.[3] (Defs.' Mot. at 2–3). While this percentage is not insignificant, *cf. Benavidez*, 2013 WL 1627947, at *3 (finding no prejudice where late plaintiffs "represent[ed] only 2.7 percent of the" collective), the remedial nature of the FLSA, judicial economy, the *de minimus* delay by Hinojosa and Nottingham in opting in, *e.g.*, *Saleem v. Corp. Transp. Grp., Ltd.*, No. 12-CV-8450, 2013 WL 6331874, at *3 (S.D.N.Y. Dec. 5, 2013) (declining to strike opt-in forms filed one day after the deadline, even absent good cause for delay); *Bucceri v. Cumberland Farms, Inc.*, No. 15-CV-13955, 2017 WL 3495693, at *2–3 (D. Mass. Aug. 14, 2017) (same, for four- and six-day delays),

---

[3] Four of the opt-in forms filed with the Court are duplicates. (*See* Dkt. Nos. 49, 78 (Geovanny Montero); Dkt. Nos. 85, 86 (George Cooper); Dkt. Nos. 87, 89 (Dennise Arelys Ruiz Alara); Dkt. Nos. 102, 105 (Jorge Hinojosa)).

and the two-month delay by Flores, *Ruggles*, 687 F. Supp. 2d at 37–38 (deeming opt-in form filed six weeks late timely), weigh in favor of inclusion.

For these reasons, the Court deems the opt-in forms of Alzenia Reeves, Damion Lewis, Jorge Hinojosa, Sean Nottingham, and Oscar Flores timely. Plaintiffs' motion is granted, and Defendants' motion is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara* April 9, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York