UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOZEF LUBAS, LEY ROBERT BOBADILLA, DANNY
DIAZ, GEOVANNY MONTERO, CESAR AUGUSTO,
and MENISIO MARTINEZ, *individually and on behalf
of all other persons similarly situated*,

                                    Plaintiffs,

                -against-

JLS GROUP, INC., GUILIANO ENVIRONMENTAL,
LLC d/b/a GUILIANO BROTHERS, LLC, SEG
MAINTENANCE, INC., STEVE SEKATO, CHARLIE
CORDERO, JOSE ORDONES, RICHARD a/k/a RICHIE
[Last Name Unknown], JOSEPH FIGLIOLA,
CHRISTOPHER GUILIANO, JOHN DOES 1–10, and
JANE DOES 1–10,

                                    Defendants.
-------------------------------------------------------------------X

**REPORT & RECOMMENDATION**
18-CV-6611-DG-SJB

**BULSARA, United States Magistrate Judge:**

        On November 19, 2018, Plaintiff Jozef Lubas began this Fair Labor Standards Act ("FLSA") and state law wage action. (Compl., Dkt. No. 1). Geovanny Montero ("Montero") joined as a plaintiff on September 4, 2019. (Consent to Become Party in a Collective Action, Dkt. No. 49). Montero passed away on September 26, 2021. (Certificate of Death, attached as Ex. A to Suggestion of Death, Dkt. No. 135). Plaintiffs' counsel then filed a "Suggestion of Death" on October 19, 2021, (Dkt. No. 135), and counsel for the JLS Defendants filed their own "Suggestion of Death" on November 1, 2021. (Dkt. No. 137). The JLS Defendants' Suggestion was served by ECF that same day. (*Id.*). No motion to substitute a party in place of Montero was filed, and on November 15, 2022, the JLS Defendants requested a premotion conference to move to dismiss Montero's claims pursuant to Rule 25(a)(1). (Mot. for Premotion Conference

dated Nov. 15, 2022, Dkt. No. 159).  The Honorable Diane Gujarati referred the motion to the undersigned for a report and recommendation on November 28, 2022.  (Order Referring Mot. dated Nov. 28, 2022).  For the reasons outlined below, the Court respectfully recommends that the premotion request be construed as a motion to dismiss and be granted.

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1).  "If [a] motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

Montero's claims were not extinguished by his death.  Whether a federal claim survives the death of a plaintiff is governed by federal common law.  7C Charles Alan Wright & Arthur R. Miller et al., *Federal Practice & Procedure* § 1954 (3d ed. 2021) ("If the right of action is federally created, federal law controls on the survival of the action.").  And "under federal common law, a federal cause of action survives the death of a party if it is remedial and not penal in nature." *Int'l Cablevision, Inc. v. Sykes*, 172 F.R.D. 63, 67 (W.D.N.Y. 1997).  Montero asserted claims for unpaid minimum wages and overtime under FLSA.  (Third Am. Compl. dated Aug. 15, 2019, Dkt. No. 41 ¶¶ 205–21).  Because FLSA is a remedial statute, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015), these claims are not extinguished by Montero's death. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-1692, 2019 WL 3767536, at *6 (E.D.N.Y. Aug. 9, 2019) (noting that FLSA is "remedial" and claims under FLSA "survive the death of a litigant"); *Lai Yoong Low v. Tian Yu Inc.*, No. 12-CV-7237, 2015 WL 1011699, at *3 (S.D.N.Y. Mar. 9, 2015) (same).

Whether a state-law claim survives the death of a plaintiff is governed by state law; here, New York's "survival statute." *E.g.*, *Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *9 (E.D.N.Y. May 16, 2018), *report and recommendation adopted*, 2018 WL 3094940, at *1 (June 22, 2018); *see also Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982). New York's survival statute provides that "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed." N.Y. Est. Powers & Trusts Law § 11-3.2(b). Claims for wage-and-hour violations are claims for "injury to person or property"; as a result, Montero's claims under the New York Labor Law ("NYLL") survive his death. *See, e.g.*, *Jipeng Du*, 2019 WL 3767536, at *6 (finding NYLL claims for unpaid wages, unpaid overtime, and failure to provide wage notices survived plaintiff's death); *Lai Yoong Low*, 2015 WL 1011699, at *2 ("Because Xie's wages are property, his Labor Law claims survive.").

With respect to Montero's claims for breach of contract and quantum meruit, "[g]enerally, actions . . . in contract survive the death of a party. Therefore, [Montero's] originally asserted causes of action sounding in contract . . . are not extinguished by his death . . . under New York law[.]" *Allen ex rel. Allen v. Devine*, No. 09-CV-668, 2011 WL 5117619, at *3 (E.D.N.Y. Oct. 25, 2011).

Because all of Montero's claims survive his death, under Rule 25, "[b]efore the Court can dismiss a decedent's lawsuit, three things must occur: (1) there must be a statement 'noting the death[;]' (2) that statement must be served on certain parties; and (3) 90 days must elapse from the date of service." *Lopa*, 2018 WL 3104456, at *10 (second alteration in original). Each of the three have taken place, and thus the motion should be granted and his claims dismissed.

3

First, the suggestion of death filed by the JLS Defendants is sufficient to trigger the 90-day deadline. "[T]he statement noting the death of a party (previously called a 'suggestion of death') must be a formal, written document that is both served on the appropriate persons and filed with the court." 6 James Wm. Moore, *Moore's Federal Practice* § 25.13[2][b] (3d ed. 2021); *see also* 7C Wright & Miller et al., *supra*, § 1955. A statement filed by an adverse party satisfies this requirement. *Lopa*, 2018 WL 3104456, at *10 ("A defendant . . . is a party to an action, and may make a statement noting the death of the plaintiff.").

Second, service of the statement noting Montero's death was sufficient. The statement was served by ECF on all parties on November 1, 2021. (Suggestion of Death, Dkt. No. 137). Plaintiffs' counsel averred almost a year after Montero's death that the sole identifiable representative of Montero's estate was a spouse located in either Nicaragua or Guatemala. (Status Conference Tr. dated Aug. 2, 2022, Dkt. No. 164 at 7:10–14). The JLS Defendants did not serve the Suggestion of Death on that spouse.[1] Nonetheless, service was sufficient under Rule 25.[2] *Lopa*, 2018 WL 3104456, at *11 ("Empowering a non-party to substitute itself into a case does not mean that the non-party must be located and served, and nothing in the Rule suggests such a

---

[1] The Second Circuit has held that service on an estate's representative is not required under Rule 25(a)(1). *Kotler v. Jubert*, 986 F.3d 147, 154 (2d Cir. 2021) ("[I]t necessarily follows from [*Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir. 1998)] that if a statement of death need not even *identify* the representative—and indeed, that a representative need not even *exist* at the time of service—for the 90-day clock to start running for the served party, then it certainly is not required that the statement be *served* on that representative.").

[2] And while Montero's counsel—Marzec Law Firm, P.C.—had no automatic authority to act on behalf of a successor or representative as a result of and following the client's death, counsel made no indication that substitution was forthcoming despite receiving notice of the 90-day period.

4

requirement."); *Grapsas v. N. Shore Farms Two, Ltd.*, No. 2:16-CV-775, 2018 WL 1136088, at *4 (E.D.N.Y. Feb. 28, 2018) ("If the suggesting party could not have known the identity of the deceased party's legal successor, the failure to serve the suggestion of death on the legal successor might be deemed excusable, and as a result, a suggestion of death that was served only on the parties, might not be rendered invalid for failure to serve the non-party." (quotations omitted)); *see also Whitty v. County of Suffolk*, No. 19-CV-611, 2023 WL 1929781, at *2 (E.D.N.Y. Feb. 10, 2023) (finding defendant was not required to serve the Suggestion of Death upon plaintiff's mother); *Martinez v. 35-80 81st St. Realty LLC*, No. 20-CV-3167, 2021 WL 2877415, at *2 (E.D.N.Y. June 21, 2021), *report and recommendation adopted*, 2021 WL 2856720, at *2 (July 8, 2021).

And finally, more than 90 days have elapsed since service was affected and no motion for substitution was filed. No opposition to the dismissal has been filed by any party or non-party. As a result, Montero's claims must be dismissed. Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by . . . the decedent *must* be dismissed." (emphasis added)); *see also, e.g.*, *Okolie v. Paikoff*, 589 F. Supp. 2d 204, 207 n.2 (E.D.N.Y. 2008) ("Defendant Barry Paikoff apparently passed away on November 11, 1999, approximately one year after this action commenced. Because plaintiff did not move within 90 days after service of the Suggestion of Death to substitute Paikoff's successor or representative as required by [Rule] 25(a)(1), his claims as to Paikoff are dismissed with prejudice for this additional reason." (citation omitted)).

For these reasons, the Court respectfully recommends that the premotion request be interpreted as a motion to dismiss and be granted, and the claims of Geovanny Montero be dismissed with prejudice. Any objections to the Report and

5

Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision." (quotations omitted)). Counsel for the JLS Defendants is directed to serve via first-class mail this Report and Recommendation on any known representative of Montero's estate, and file proof of service of the same on the docket by March 30, 2023.

SO ORDERED.

*/s/ Sanket J. Bulsara* March 23, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

6